(123 So. 286)

**LAUDERDALE v. STATE.** (8 Div. 722.)

Court of Appeals of Alabama.   May 7, 1929.

Rehearing Denied June 18, 1929.

See, also, 22 Ala. App. 52, 112 So. 92.

peared otherwise; therefore the court properly declined to permit the defendant to challenge these jurors for cause. The exceptions here reserved are without merit.

 It does not appear from the record, as insisted by appellant, that the state undertook to impeach its witness Fletcher Owens. There was other evidence relied upon by the state to secure a conviction, and the charge requested by the state as to the evidence of said witness was proper as stating a correct principle of law, and the fact that said charge referred to the state's witness does not make it otherwise. The charge, when given, became a part of the law in the case and there was no error in giving said charge.

The offense here charged against appellant was susceptible of a joint commission by two or more parties; therefore the refusal of charge 2, requested by defendant, was proper. The substance of this and other charges refused to appellant was fairly and substantially covered by the oral charge and the special charges given at request of defendant.

There was no reversible error upon the trial of this case in the court below. The record proper is regular, and the judgment of conviction appealed from is affirmed.

Affirmed.

R. B. Patton, of Athens, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The evidence adduced upon this trial, without conflict or dispute, established the corpus delicti. The evidence also tended to show the guilty participation by the defendant as to the offense charged in the indictment. Appellant relies upon several adverse rulings of the court to effect a reversal of the judgment appealed from.

Jurors Pugh and Cox stated affirmatively that they had no fixed opinion as to the guilt or innocence of the defendant which would bias their verdict. It nowhere ap-